## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **TOMAS FERNANDEZ,** | § | |
| **BEATRIZ MARTINEZ, and** | § | |
| **CORINA MARTINEZ,** | § | |
| **Plaintiffs,** | § | **Civil Action No. 4:17-cv-1401** |
| | § | |
| **v.** | § | |
| | § | **JURY DEMANDED** |
| **JANI-KING INTERNATIONAL, INC.,** | § | |
| **JANI-KING, INC., JANI-KING OF** | § | |
| **OF HOUSTON, INC., ROCKET** | § | |
| **FRANCHISING, INC., and** | § | |
| **SCT ENTERPRISES, INC.** | § | |
| | § | |
| **Defendants** | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT
### AND JURY DEMAND

COME NOW, Tomas Fernandez, Beatriz Martinez, and Corina Martinez, (hereinafter referred to as "Plaintiffs") by and through their undersigned attorney of record, and sue Jani-King International, Inc., Jani-King, Inc., Jani-King of Houston, Inc., Rocket Franchising, Inc., and SCT Enterprises, Inc., (hereinafter collectively referred to as "Defendants" and/or "Jani-King"), and in support thereof would show unto this Honorable Court as follows:

### I.      PRELIMINARY STATEMENT

1.      Plaintiffs bring this action for unpaid minimum wage, unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2.      During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay Plaintiffs for each hour worked at an hourly rate no less than minimum wage and for overtime hours worked in excess of forty hours per week at a rate of one and one-half times her regular rate of pay.

## II.    PARTIES

3.    Plaintiff Tomas Fernandez is an individual residing in Harris County, Texas.

4.    Plaintiff Beatriz Martinez is an individual residing in Harris County, Texas.

5.    Plaintiff Corina Martinez is an individual residing in Harris County, Texas.

6.    Defendant Jani-King International, Inc., is a domestic corporation doing business in the State of Texas and maintains its principal office in Addison, Texas.  Defendant can be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

7.    Defendant Jani-King, Inc., is a domestic corporation doing business in the State of Texas and maintains its principal office in Addison, Texas.  Defendant can be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

8.    Defendant Jani-King of Houston, Inc., is a domestic corporation doing business in the State of Texas and maintains its principal office in Addison, Texas.  Defendant can be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

9.    Defendant Rocket Franchising, Inc., is a domestic corporation doing business in the State of Texas and maintains its principal office in Addison, Texas.  Defendant can be served with process by serving its registered agent for service of process, Jane Tapken, 4535 Sunbelt Drive, Addison, Texas 75001.

10.    Defendant SCT Enterprises, Inc., is a domestic corporation doing business in the State of Texas and maintains its principal office in Addison, Texas.  Defendant can be served with process

by serving its registered agent for service of process, Karen A. Meredith, 251 O'Connor Ridge Boulevard, Suite 370, Irving, Texas 75038.

### III.    JURISDICTION AND VENUE

11.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

12.    Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District.

### IV.    FLSA COVERAGE

13.    At all times pertinent to this Complaint, Defendants have each acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs.

14.    At all times hereinafter mentioned, Defendants have each been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15.    At all times hereinafter mentioned, Defendants have each been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16.    At all times hereinafter mentioned, Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

3

17.     At all times hereinafter mentioned, Plaintiffs were each an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

### V.     FACTS

18.     Defendants boast that "Jani-King is the world's largest commercial cleaning franchise company with more than 120 support offices in 14 countries" and more than 9,000 franchisees worldwide.[1] They go on to state that "the Jani-King empire was built on hard work and the realization that a world of opportunity existed for a commercial cleaning franchising company." *Id.* In fact, the "opportunity" belonged to Defendants and the "empire" was built on the hard work of their employees who they misclassify as independent contractors or franchisees, and who are illegally denied proper payment of overtime and minimum wage.

19.     FLSA abuses in the commercial cleaning franchise industry are rampant. There has been much litigation throughout the United States involving Jani-King and other cleaning service franchisors. Most recently, the United States Department of Labor sued Jani-King of Oklahoma, Inc. for misclassifying its employees in Oklahoma as independent contractors or franchisees and thereby denying those workers the protections afforded by the FLSA.[2]

20.     Defendants offer the sale of commercial cleaning franchises to the public. In theory, franchisees become independent business owners who provide cleaning services to offices, hotels, warehouses, banks, retail stores, and other commercial establishments. In reality, they become employed by Defendants as "Cleaners" tasked with the duty of providing janitorial cleaning services to Defendants' customers.

---

[1] https://www.janiking.com/about-jani-king/
[2] *Thomas E. Perez, Secretary of Labor, United States Department of Labor v. Jani-King of Oklahoma, Inc.*, 5:16-cv-01133-W, W.D. OK.

21.     Defendants market the sale of cleaning franchises to a population who often are not fluent in the English language and who often are unsophisticated in business, but are incredibly driven and hard-working.

22.     People seeking to purchase a Jani-King franchise are presented a lengthy and complicated "Franchise Agreement" on a take it or leave it basis.

23.     In addition to payment of an initial down payment, the "Franchise Agreement" obligates the so-called franchisees to pay Defendants numerous other monthly fees including a "royalty fee", an "advertising fee", a "technology fee", an "accounting fee."

24.     The "Franchise Agreement" also retains for Defendants the right to control the business of the purchasers and determine their remuneration to such great degree that, as a matter of economic reality, the purchasers are economically dependent upon Defendants for their livelihood and are not in business for themselves.  Essentially, the purchasers pay Defendants for the privilege of being Jani-King employees.  The restrictions placed on the "franchisees" include, but are not limited to:

        a.      The location of any office established by Plaintiffs must be approved by Defendants.

        b.      Defendants control the advertising and marketing of the commercial cleaning services. Customers contract with Defendants for commercial cleaning services of their buildings.

        c.      Defendants negotiate the contracts with these customers. Through these negotiations, Defendants determine the nature, scope, frequency, and prices to be charged for the work to be performed.  The contracts are owned by Defendants.

d.      Plaintiffs are required to perform cleaning services in accordance with cleaning schedule and instructions as negotiated between Defendants and the customer.

e.      Plaintiffs are required to wear a Jani-King uniform approved by Defendants while performing cleaning services.

f.      Defendants assign the contracts to the franchisees at Defendants' discretion. Defendants also exercise the discretion to take a contract from a so-called franchisee and assign it to another.  Accordingly, Defendants have the sole discretion to determine whether the Plaintiffs will be offered work and in what quantity.

g.      Defendants retain for themselves the exclusive right to perform all billing and accounting functions for the cleaning services performed by Plaintiffs.

h.      Defendants' Customers are invoiced by Defendants for cleaning services performed by the Plaintiffs and payment is made by the customer directly to Defendants, and not to the Plaintiffs who actually perform the cleaning service. Any monies ultimately received by the Plaintiffs is paid to them by Defendants.

i.      Defendants require Plaintiffs to undergo training provided by Defendants and to conduct their cleaning services in accordance with Defendants' policies and procedures.

j.      Defendants retain the right to inspect the work performed by the Plaintiffs and to discipline them for "substandard" work.

k.      Defendants retain for themselves the right to establish policies and procedures pertaining to the operation of the business of Plaintiffs.

l.      Plaintiffs are required to follow Defendants' policies, practices, and procedures and must agree to not deviate therefrom without prior written consent of Defendants.

m.      In the event policies and procedures established by Plaintiffs differ from those established by Defendants, the policies and procedures established by Defendants control.

n.      Plaintiffs are prohibited from engaging in any other cleaning business without written authorization of Defendants.

o.      Plaintiffs are prohibited from disclosing to any third party the names of customers of Defendants for which they provide cleaning services.

p.      In the event Plaintiffs cease providing cleaning services to a customer, Plaintiffs are required to provide to Defendants that customers access devices to that customer's premises, including keys, security passes, and codes.

q.      Defendants require that any new concept, process, or improvement in the cleaning system developed by Plaintiffs becomes the property of Defendants.

r.      Defendants retain for themselves the right to require Plaintiffs undergo checks and drug testing.

25.    From the date three years prior to the filing of this Complaint forward, Defendants have subjected Plaintiffs to the conduct described herein.

26.    Plaintiffs were required to follow and abide by common work and pay policies and procedures in the performance of their jobs.

27.    Plaintiffs worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

28.    When Plaintiffs worked more than forty hours in a workweek, Defendants did not pay them one and one-half times their regular hourly rate for those hours.

29.    Often Plaintiffs were not compensated at all for their work thereby receiving less than minimum wage for such work.

30.     Defendants' conduct as described herein was willful in that they either knew or showed reckless disregard as to whether their conduct violated the FLSA.

31.     Defendants' conduct as described herein was not based in good faith and with a reasonable belief that they complied with the FLSA.

## COUNT ONE:  VIOLATIONS OF 29 U.S.C. § 206
## <u>FAILURE TO PAY MINIMUM WAGE</u>

32.     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

33.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less the statutory hourly minimum wage (currently $7.25) for all hours worked.

34.     Throughout the relevant period, Defendants expected and required Plaintiffs to be available to provide janitorial cleaning services for Defendants' customers.

35.     Plaintiffs did in fact provide janitorial cleaning services for Defendants' customers. However, they were often not compensated at all for such work.

36.     Plaintiffs have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendants derived a direct and substantial benefit.

37.     Defendants violated the FLSA when they failed to pay Plaintiffs the statutory hourly minimum wage under 29 U.S.C. § 206 as non-exempt employees.  Because of these violations, Plaintiffs have suffered a wage loss.

38.     Defendants' failure to pay minimum wage to Plaintiffs, in violation of the FLSA, was willful in that they either knew or showed reckless disregard as to whether their conduct violated the FLSA.

39.     Defendants' failure to pay minimum wage to Plaintiffs, in violation of the FLSA, was not based in good faith and with a reasonable belief that it complied with the FLSA.

### COUNT ONE:  VIOLATIONS OF 29 U.S.C. § 207
### FAILURE TO PAY OVERTIME COMPENSATION

40.     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

41.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per workweek.

42.     Throughout the relevant period, Defendants expected and required Plaintiffs to be available to provide janitorial cleaning services for Defendants' customers.

43.     Plaintiffs did in fact provide janitorial cleaning services for Defendants' customers and often worked more than forty hours in a workweek.  However, they were not compensated at time and one-half their regular rate for such hours worked over forty in a workweek.

44.     Plaintiffs have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendants derived a direct and substantial benefit.

45.     Defendants violated and continue to violate the FLSA when they failed to pay Plaintiffs under 29 U.S.C. § 207 as non-exempt employees.  Because of these violations, Plaintiffs have suffered a wage loss.

46.     Defendant's failure to pay overtime to Plaintiffs, in violation of the FLSA, was willful in that it either knew or showed reckless disregard as to whether its conduct violated the FLSA.

47.     Defendant's failure to pay overtime to Plaintiffs, in violation of the FLSA, was not based in good faith and with a reasonable belief that it complied with the FLSA.

## JURY DEMAND

48.     Plaintiffs hereby request a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief as follows:

a.      Judgment against Defendants in the amount of Plaintiffs' unpaid back wages at the applicable minimum wage rates;

b.      Judgment against Defendants in the amount of Plaintiffs' unpaid back wages at the applicable overtime rates;

c.      An additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

d.      A finding that Defendant's violations of the FLSA were willful and in bad faith;

e.       All reasonable costs and attorneys' fees pursuant to pursuant to 29 U.S.C. § 216(b);

f.      An award of prejudgment interest (to the extent liquidated damages are not awarded) and post judgment interest as provided by law; and

g.      All further relief as the Court deems just and equitable.

Respectfully submitted:

**LEICHTER LAW FIRM, PC**

By: */s/ David G. Langenfeld,* 5/5/17
        David G. Langenfeld
        Attorney-in-Charge
        State Bar No. 11911325
        Fed. ID No. 15878
        1602 East 7th Street
        Austin, TX  78702
        Tel.:  (512) 495-9995
        Fax:  (512) 482-0164
        Email:  david@leichterlaw.com

**ATTORNEYS FOR PLAINTIFFS**