United States District Court
Southern District of Texas
**ENTERED**
January 08, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TOMAS FERNANDEZ, BEATRIZ MARTINEZ, and CORINA MARTINEZ, <br><br> Plaintiffs, <br><br> V. <br><br> JANIKING INTERNATIONAL, INC., JANI-KING, INC., JANI-KING OF HOUSTON, INC., ROCKET FRANCHISING, INC., and SCT ENTERPRISES, INC., <br><br> Defendants. | CIVIL ACTION NO. H-17-1401 |

## **MEMORANDUM AND RECOMMENDATION**

Pending and referred by the District Judge to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) are three Motions to Dismiss: one by the Defendants Jani-King International, Inc., Jani-King, Inc., and Jani-King of Houston, Inc. (referred to hereafter as the "Jani-King Defendants") (Document No. 17); one by Defendant SCT Enterprises, Inc. (Document No. 18); and one by Defendant Rocket Franchising, Inc. (Document No. 19). In each motion, Defendants argue that Plaintiffs have failed to state a claim under the Fair Labor Standards Act ("FLSA"). For the reasons that follow, the Magistrate Judge RECOMMENDS that the Motions to Dismiss be GRANTED, but that Plaintiffs be allowed to file an Amended Complaint which addresses the pleading deficiencies discussed herein.

## I. Background

This case was filed by Plaintiffs Tomas Fernandez, Beatriz Martinez and Corina Martinez against several Defendants, all of whom Plaintiffs allege were their employers under the FLSA, for unpaid overtime and minimum wage violations. Defendants, in their Motions to Dismiss, first point out that Plaintiffs are franchisees, not employees, and that a similar FLSA action brought by the Department of Labor against the Jani-King Defendants in Oklahoma has been dismissed with prejudice. Defendants then argue in their respective motions that Plaintiffs' claims should be dismissed because: (1) Plaintiffs have not alleged with any specificity who they were employed by, and merely group all the Defendants together and allege that they have each acted as, and had the interests of, an employer; (2) Plaintiffs have not alleged any facts that would allow for the disregard of corporate formalities for purposes of recognizing them, as opposed to their business entities which entered into franchise agreements with Defendant(s), as "individuals" under the FLSA; (3) Plaintiffs have not alleged facts that would render Defendants their employers under the FLSA; and (4) Plaintiffs have not alleged sufficient facts about the work that they performed and how the FLSA has been violated. Plaintiffs have responded to each argument for dismissal, but focus primarily on the argument that they are not employees, pointing to allegations in their Complaint about how Defendant controlled all aspects of their cleaning businesses.

## II. 12(b)(6) Standard of Review

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

## III. Discussion

### A. Collective/Group Pleading

In their first argument, Defendants contend that Plaintiffs allegations of "Defendants" in the collective are insufficient and cannot state a plausible claim of employer liability under the FLSA. According to Defendants, "the Complaint lumps all five Defendants together in a conclusory fashion" (Document Nos. 18 & 19 at 2) and "Plaintiffs d[o] not allege any facts to support any claim that they have an employment relationship with the Jani-King Defendants distinct from their relationship – if any – with [Defendants] Rocket Franchising, Inc. and SCT Enterprises, Inc." (Document No. 17 at 7).

An employee may have multiple employers under the FLSA, in which case, "all joint employers are responsible, both individually and jointly, for compliance with all the applicable provisions of the [FLSA]." 29 C.F.R. § 7912(a). But, it is not enough to allege, in a conclusory or collective manner, that several defendants are a plaintiff's "employer" for FLSA purposes. Instead, "[w]here a complaint seeks to hold more than one employer liable under the FLSA, some facts at least of the employment relationship must be set forth in order to make out of facially plausible claim of multiple employer liability under the FLSA" *Kaminski v. BMW Sugar Land Partners*, Civil Action No. H10-551, 2010 WL 4817057 *2 (S.D. Tex. Nov. 19, 2010).

Here, as pointed out by Defendants, Plaintiffs have not alleged any facts that would establish an employment relationship on a Defendant-by-Defendant basis. Instead, all Plaintiffs allege is that "Defendants," collectively or as a group, employed them. This is insufficient, *see e.g. Kaminski*, and, on this basis alone, Plaintiffs' First Amended Complaint is subject to dismissal.

4

## B.  Individual Plaintiffs or Business Entity Plaintiffs

Defendants next argue, primarily in reliance on the Order of the United States District Court for the Western District of Oklahoma, which dismissed with prejudice the United States Department of Labor's claims against Jani-King of Oklahoma, that Plaintiffs are not "individuals" for purposes of FLSA liability. According to Defendants, the franchise agreements pursuant to which Plaintiffs claim an employment relationship with Defendants were entered into by corporate entities – not individual plaintiffs in their individual capacities – and, as such, Plaintiffs are not "individuals" within the meaning of the FLSA. Defendants argue, for the same reasons set forth by the District Court in Oklahoma, that Plaintiffs' FLSA claims should be dismissed.

Defendants' argument is both a bit convoluted, and dismissive of the fact that Plaintiffs have brought suit in this case in their individual capacities – not as business entities. In *Acosta v. Jani-King of Oklahoma*, Civil Action No. 16-1133-W, the District Court for the Western District of Oklahoma dismissed the Secretary of Labor's claims against Jani-King of Oklahoma on the basis that the Secretary of Labor had "lumped together all Janitorial Cleaners procured by Jani-King through its franchise agreements" regardless of whether those janitorial cleaners were "artificial entities" or "individuals." Here, Plaintiffs' allegations in its Complaint are that they, as individuals, were employed by Defendants notwithstanding the existence of a franchise agreement. Plaintiffs also allege that they provided "janitorial cleaning services for Defendants' customers." These allegations, taken as true, plausibly state that Plaintiffs are "individuals" within the meaning of the FLSA.

## C. Employee/employer status

The Jani-King Defendants next argue that Plaintiffs have not alleged sufficient facts that would render them Plaintiffs' "employer" under the FLSA "economic realities test" utilized in the Fifth Circuit. According to Defendants, Plaintiffs' allegations, even against all the Defendants collectively, state nothing more than a franchisor/franchisee relationship.

The mere fact that parties to an FLSA case are also parties to a franchise agreement does not render a plaintiff's FLSA minimum wage and overtime claims not plausible under *Twombly*. *See Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) ("We do not suggest that franchisors can never qualify as the FLSA employer for a franchisee's employees"); *Olvera v. Bareburger Group LLC*, 73 F.Supp.3d 201, 208 (S.D.N.Y. 2014) (rejecting argument, in Rule 12(b)(6) context, that existence of a franchise agreement rendered FLSA overtime claim implausible). An employer under the FLSA is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This definition of an employer under the FLSA is an expansive one, with "striking breadth," *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992), and is "not limited by the common law concept of 'employer,' but 'is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes.'" *Lambert v, Ackerley*, 180 F.3d 997 (9th Cir. 1999) (quoting *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983).

To determine a party's status as an employer under FLSA, courts apply the economic reality test. *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012). Under the economic reality test, courts evaluate "whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 355. A party need

not establish every element, and "FLSA require[s] the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." *Orozco*, 757 F.3d at 448 (quoting *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989) (per curiam)).

Here, applying these four factors to Plaintiffs' allegations in this case, the Magistrate Judge concludes that Plaintiffs have alleged sufficient facts to plausibly state Defendants' "employer" status under the FLSA. Plaintiffs allege in their Complaint that Defendants negotiated contracts with customers, retained rights to inspect Plaintiffs' work, prohibited Plaintiffs from engaging in other cleaning business without written authorization, retained rights to require Plaintiffs to undergo checks and drug testing, required them to wear Jani-King uniforms, retained rights to establish policies and procedures, required Plaintiffs to undergo training, assigned contracts to the franchisees at their discretion, retained the right to perform all billing and accounting functions, invoiced all cleaning services directly to customers, and paid Plaintiffs any money owed to them. These allegations, taken as true, are enough to meet at least two elements of the economic reality test (factors two and three). Moreover, while such allegations have not been found to meet the other two elements, *per se*, *see Gray*, 673 F.3d at 356 (first element not met where plaintiff only provided evidence regarding defendants' collective power to hire and fire general managers); *Orozco*, 757 F.2d at 449 (first element not met by virtue of franchisor providing advice to a franchisee to improve profitability), those allegations do have *some* bearing on the other two elements of the economic reality test. As such, as concluded in *Rodriguez v. Gold & Silver Buyers, Inc.*, 2013 WL 5372529 at *4 (S.D. Tex. 2013) and *Olvera v. Bareburger Group LLC*, 73 F.Supp.3d 201, 208 (S.D.N.Y. 2014) in connection with Rule 12(b)(6) motions to dismiss, Plaintiffs' allegations in this case are

enough to plausibly state that Defendants were their "employers" under the economic reality test.[1]

## D. Details of work

In their final argument, Defendants argue that Plaintiffs have not sufficiently alleged the "actual work" they did which would entitle them to overtime under the FLSA. While Plaintiffs do allege that they "worked more than forty hours in at least one workweek during the three years before [the] Complaint was filed" and that "[w]hen Plaintiffs worked more than forty hours in a workweek, Defendants did not pay them one and one-half times their regularly hourly rate for those hours" (Document No. 1 at ¶ 27, 28), Plaintiffs do not allege any *facts* in support of their overtime claim.

Although the Fifth Circuit has not yet addressed the type of specificity required when pleading an FLSA overtime claim, District Courts generally require plaintiffs to include more than generalized and conclusory allegations that they have worked in excess of forty hours a week. *See Coleman v. John Moore Servs., Inc.*, No. CIV.A. H-13-2090, 2014 WL 51290, at *4 (S.D. Tex. Jan. 7, 2014) (Rosenthal, J.) ("this court finds that more is required of a plaintiff than an "all purpose pleading template" with allegations providing no factual context and no way for the court to determine that the plaintiff has stated a claim as opposed to repeating the statutory elements of the cause of action."). Because there are only generalized, conclusory allegations in Plaintiffs'

---

[1] Plaintiffs argue in response to the Jani-King Defendants' Motion to Dismiss that the economic reality test for purposes of determining whether a defendant is an "employer," should not be used, and instead it is the four factor test for determining whether a plaintiff can be considered an "employee" or an "independent contractor" from *Hopkins v. Cornerstone America*, 545 F.3d 338, 343 (5th Cir. 2008) ("To aid us in this inquiry, we consider five non-exhaustive factors: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship.") that is controlling in this case. Under either test, Plaintiffs' allegations plausibly state that Plaintiffs were employees and Defendants their employers under the FLSA.

Complaint about the hours they worked, it cannot be said that Plaintiffs have stated plausible FLSA overtime claims. *Id.*

## IV. Amendment

Having determined that Plaintiffs have not, for the reasons set forth above, stated plausible claim(s) against each of the Defendants under the FLSA, it must next be considered whether Plaintiffs should be allowed an opportunity to amend their Complaint.

Under FED. R. CIV. P. 15(a)(2) leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies... unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, the pleading deficiencies identified above appear amenable to correction upon amendment. In particular, Plaintiffs may be able to amend their Complaint to allege facts that would state, on a Defendant-by-Defendant basis, a plausible employment relationship, and Plaintiffs may be able to allege facts about the actual work and the factual circumstances that would give rise to the overtime provisions in the FLSA. Plaintiffs should, therefore, be given an opportunity to amend.

## V. Conclusion and Recommendation

Based on the foregoing and the conclusion that Plaintiffs have not currently stated plausible FLSA claims against Defendants given their "group"/collective allegations that Defendants were

their employers and the absence of any factual allegations about their work and their overtime claims, but may be able to do if given the opportunity to amend, the Magistrate Judge

RECOMMENDS that Defendants' Motions to Dismiss (Document Nos. 17, 18 and 19) be GRANTED, but that Plaintiffs be allowed to file an Amended Complaint which addresses the pleading deficiencies set forth herein.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 8th day of January, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE